UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

        Case No. 21-cr-155-pp

CLEMET L. EVANS,

        Defendant.

**ORDER DENYING DEFENDANT['S] FIRST MOTION TO REOPEN THE COURT'S ORDER OF DETENTION TO CONSIDER PROFFERED RELEASE PLAN PURSUANT TO 18 U.S.C. 3142(C) (DKT. NO. 37)**

On July 20, 2021, the grand jury charged the defendant with one count of being a felon in possession of a firearm (a Ruger 9mm with an obliterated serial number) and one count of possession with intent to distribute methamphetamine, cocaine base and oxycodone. Dkt. No. 1. Ten years earlier, the defendant had been convicted in this same federal court of conspiracy to possess with intent to distribute heroin; he was sentenced to ten years in prison and five years of supervised release. Dkt. No. 3 at 5. He was on supervised release at the time he committed the instant offense. Id. On July 28, 2022, the defendant pled guilty to the felon-in-possession charge in this case. Dkt. No. 36. His sentencing hearing is scheduled for December 7, 2022 at 1:30 p.m.

On October 20, 2022, the court received from the defendant the instant motion to reopen the detention order and consider releasing the defendant.

1

Dkt. No. 37. The motion asserts that the defendant is a high school graduate who has significant ties with the southeastern part of Wisconsin; it says that if released, he would live with his friend Christine Faller in Thiensville. Id. at 1. It indicates that when the defendant was on supervision in 2019, he had a job at Metal Cuts. Id. at 2. He proposes to resume working at Metal Cuts if released. Id. The defendant says he would be willing to submit to location monitoring, frequent contacts with pretrial services, random urinalyses, a twenty-four-hour curfew and, if necessary, a $1,000 cash bond. Id. The motion emphasizes that the defendant has been detained continuously since January 12, 2021, and that he completed his supervised release revocation term on September 20, 2022. Id.

The government opposes the motion, noting that the defendant was on supervised release for a drug conspiracy when he was found with the gun and the drugs that gave rise to this case. Dkt. No. 39 at 1. The government points out that the person with whom the defendant proposes to live, Christine Faller, was the person with whom he was living when law enforcement found the gun, and that Ms. Faller was one of the distributors of the heroin involved in the 2011 conspiracy case. Id. at 1 n.1. The government emphasizes that the defendant faces a significant sentence; the government's estimated guidelines calculations indicate that the defendant's guideline range could be 151-188 months. Id. at 3. The government will be recommending a sentence of eight years of incarceration. Id. at 4. The government points out that in denying the defendant's request for a furlough in the 2011 case, the court recounted the

defendant's extensive criminal history, which dates back to age fourteen and includes several batteries, escape, bail jumping and drug convictions. Id. at 3. And, the government points out, the defendant no longer is entitled to the presumption of innocence because he has pled guilty. Id. at 4.

Section 3142(e)(1) of Title 18 allows a court to order a defendant detained if the court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. There is a presumption that no such conditions exist in cases where a defendant is charged with a controlled substances offense with a maximum term of ten years or more or if the defendant has been convicted of two or more crimes of violence or serious controlled substance offenses. 18 U.S.C. §§3142(e)(2) and (f)(1). In determining whether there are conditions of release that will reasonably assure the person's appearance and the safety of the community, the court looks at the nature and circumstances of the offense (including whether the offense included a controlled substance or firearm); the weight of the evidence against the defendant; the defendant's history and characteristics (including whether the persons was on supervision at the time of the offense); and the nature or seriousness of the danger posed to others by the defendant's release. 18 U.S.C. §3142(g).

On August 11, 2021, Magistrate Judge Stephen Dries concluded that there were no conditions or combination of conditions that would ensure the defendant's appearance or the safety of the community. Dkt. No. 4. The only thing that has changed since is that the defendant has pled guilty to being a

3

felon in possession of a firearm, which means that there is no debate about the weight of the evidence against him. There is a presumption of detention here, given the charges the defendant faced and his prior record. The defendant's current offense involved both a firearm (with an obliterated serial number) and multiple types of illegal drugs. The defendant was on federal supervision at the time he committed the offense, after having served ten years in prison for an earlier federal drug offense. The defendant's criminal history includes convictions for bail jumping and escape, indicating both a risk that he will not appear for future court appearances and an inability to comply with the conditions of supervision. The defendant has an incentive to fail to appear for his December sentencing, given the significant sentence he is facing. The defendant proposes to reside with someone who has been linked to his criminal conduct in the past.

The court concedes that the defendant has some employment history and it is good that that company is perhaps willing to hire him again. But none of the conditions the defendant has proposed will reasonably ensure his appearance or the safety of the community. He could—as have others before him—remove a location monitoring bracelet. Reporting to probation has not prevented him from violating the conditions of supervision in the past. Drug testing might keep the defendant from *using* drugs, but not from possessing or selling them, and it does not address the risk that he will possess another firearm.

Finally, as to the length of time the defendant has been detained, the court concedes it has been significant. But to the extent that any of that time was not credited to any other sentence, the defendant will receive credit for that time against any sentence this court will impose when it sentences the defendant just over a month from now.

The court **DENIES** the defendant's first motion to reopen the court's order of detention to consider proffered release plan pursuant to 18 U.S.C. 3142(C). Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 1st day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:21-cr-00155-PP   Filed 11/01/22   Page 5 of 5   Document 40